FILED
2022 Jul-22  AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| ANTWAN WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | CASE NO.: |
| | ) | |
| PENSKE LOGISTICS, LLC, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1.  This suit is authorized and instituted under Title VII off the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e (Title VII).

2.  This suit is authorized and instituted under 42 U.S.C. § 1981, as amended.

3.  This suit is authorized and instituted under 42 U.S.C. § 1981. Plaintiff timely filed two charges of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to sue letter issued by the EEOC (Exhibit B).

4.  Plaintiff Antwan Washington ("Plaintiff" or "Washington") is a resident of

Brookwood, Tuscaloosa County, Alabama, and performed work for the Defendant in Jefferson, Country, one of the counties in the Northern District of Alabama, Southern Division during the events of this case. Thus, according to 28 U.S.C. § 1391(b), venue for this action lies in the Southern Division.

5.  Defendant Penske Logistics, LLC, ("Defendant" or "Penske") is a company registered and doing business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.

6.  Defendant employed at least fifteen (15) people during the current or preceding calendar year.

## **FACTS**

7.  Plaintiff Antwan Washington ("Washington") worked for Penske Logistics, LLC., ("Penske" or "Defendant") from January 2, 2019, until April 27, 2020.

8.  Plaintiff was fired for allege lack of integrity/falsification of his trip sheets.

9.  After working for Defendant for over a year, Plaintiff began to question his assignments and pay.

10.  Plaintiff complained to Operations Manager Raymond Phillips "Phillips" on several occasions about his pay being short and the routes he was given.

11. Plaintiff complaints were that the Defendant had shorted him for hours he had driven and denied him routes he should have received.

12. The pay issues were discussed at length and the Plaintiff can show proof that the Defendant did not fully compensate him.

13. The trucking business also has something that is called designated routes which Plaintiff had requested on several occasions; however, he was denied.

14. Plaintiff was denied these assignments when other less qualified or drivers with less seniority were given the routes.

15. The Individuals given the routes were white males.

16. After his complaint the Defendant started to monitor the Plaintiff with actions that were beyond the company's policy.

17. The Defendant used the on-board camera in the truck to monitor the Plaintiff person activities.

18. On at least one occasion, Phillips was viewing the camera and allowed other co-workers watch Plaintiff urinate.

19. In March of 2020, the Plaintiff contacted management with concerns about equal pay and route assignments.

20. Plaintiff had what he believed was documented evidence of pay disparity and unfair and unlawful route assignments.

21. The pay and assignments were also against Defendant's stated company policies.

22. After Plaintiff lodged his complaints, he was singled out and finally

discharged.

23.   Plaintiff complained that a White Male, Chad Ellis was paid on a different scale and given better routes.

24. The pay scale consisted of miles driven and paid for that white male were being compensated differently.

25. The routes were the designated routes that Plaintiff was qualified and entitled to that were given to white males.

26.   After meeting with management and pointing out the unlawful treatment Plaintiff wasn't terminated.

## COUNT ONE TITLE VII-RACE DISCRIMINATION

27.   After working for Defendant for over a year, Plaintiff began to question his assignments and pay.

28.    Plaintiff complaints were that the Defendant had shorted him for hours he had driven and denied him routes he should have received.

29.   The trucking business also has something that is called designated routes which Plaintiff had requested on several occasions; however, he was denied.

30.   Plaintiff was denied these assignments when other less qualified or drivers with less seniority were given the routes.

31.   The Individuals given the routes were white males.

32.  Plaintiff had what he believed was documented evidence of pay disparity and unfair and unlawful route assignments.

33.  The pay and assignments were also against Defendant's stated company policies.

34.   As a result of Defendant's violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e as amended Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## COUNT TWO TITLE VII-RETALIATION

35.  Plaintiff states the Defendant Penske retaliated against Plaintiff in Violation of Title VII of the Civil Rights Act of 1964, §42 U.S.C. as amended and §2000e-as amended.

36. The Plaintiff had worked for the Defendant for 13 to 14 months. The Plaintiff then contacted management to complain about his pay and the routes he was getting.

37. As a result of Plaintiff's complaint, the Defendant adverse treatment consisted of calling the Plaintiff into meeting and questioning his mileage and pay.

38.  The Plaintiff was removed from different routes that he had ran on a regular basis without explanation.

39.  The Plaintiff rate of pay was adjusted and lowered.

40.  The Defendant started to monitor personal activities by the Plaintiff in his vehicle and finally terminated Plaintiff.

41. As a result of Defendant's violation of Title VII and 42 U.S.C. §1981 2000e, as amended Plaintiff has been damaged suffering loss of pay, benefits and mental anguish.

## COUNT THREE 42 U.S.C. §1981 RACE

42. Plaintiff was qualified to for the position he had as a truck driver for Penske.

43.  The Defendant consistently gave better routes to white drivers that resulted in better pay and hours.

44.  Finally, after meeting with management concerning his pay reduction and route assignment he was terminated for complaining about protection activities.

45. The Defendant monitoring system for Plaintiff and other while drivers was different, resulting in the Plaintiff being accused of adverse conduct.

46.  The Defendant was terminated without any adverse actions against him in his file.

47.  The Defendant fail to terminate white employees after reported criminal activities.

48.  As a result of Defendant's violation of Title VII and U.S.C. §1981 2000e as

amended Plaintiff has been damaged suffering loss of pay, benefits and mental anguish.

## COUNT FOUR 42 U.S.C. §1981 RETALIATION

49. Plaintiff had no prior rights ups nor disciplinary activities against him until he complained of the pay discrepancies and route assignment.

50. After the Plaintiff made complaints covering his pay and routes assignments he was discipline by payment reduction and route designation and termination.

51. As a result of Defendant's violation of Title VII and 42 U.S.C. §1981 2000e as amended Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for the following relief;

A. Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendant's request from continuing to violate the terms of Title VII of the Civil Rights Act of 1964; as amended with the Defendant and at Defendant's request from

continuing to violate the terms of1991; 42 U.S.C. §1981 as amended, 2000e et seq.

B. Enter an Order requiring the Defendant to make Plaintiff whole by awarding reinstatement to the position he would have had, had he not been terminated;

C. Award him back pay, together with employment benefits, front pay, compensatory damages; special damages; punitive damages, and nominal damages;

D. Attorneys' fees and cost;

E. Plaintiff requests that the Court award Plaintiff equitable relief as provided by applicable law; and,

F. Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

Respectfully submitted this 21st day of July, 2022.

_s/Roderick Walls_
Roderick Walls (WAL108)
Plaintiff's Attorney

**OF COUNSEL:**
**RODERICK WALLS & ASSOCIATES, LLC**
2122 First Avenue North
Birmingham, AL 35203
(205) 251-0334
FAX (205) 251-0336
rod@wallscooplaw.com


**PLEASE SERVE DEFENDANT BY CERTIFIED MAIL**

**PENSKE LOGISTIC LLC**
**RT 10 Green Hills Box 53**
**Reading, PA 19603**